IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE THOMAS MCKINNIE, ) | No. C 07-2024 JSW (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | |
| C. O. MUNGER AND C. O. ) | |
| MENDOZA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, an inmate incarcerated at Salinas Valley State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against several correctional officers at the prison who he contends are responsible for the negligent destruction of personal property that he purchased from the canteen. Plaintiff alleges that the actions of the officers was not pursuant to "common CDC[R] practice but they are doing it anyway and refuse to reimburse me." Plaintiff seeks compensation for the loss of his property as well as transfer to a different prison and prosecution of the responsible officers.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

1

1 relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v.*
2 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4 elements: (1) that a violation of a right secured by the Constitution or laws of the United
5 States was violated, and (2) that the alleged deprivation was committed by a person acting
6 under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).
7 B.    <u>Claims</u>
8       In his complaint, Plaintiff asserts a claims against the named Defendants for
9 negligent or intentional destruction of his personal property. Plaintiff's complaint fails to
10 state a federal claim for relief under § 1983.
11       Ordinarily, due process of law requires notice and an opportunity for some kind of
12 hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas*
13 *& Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor
14 intentional deprivation of property states a due process claim under § 1983 if the
15 deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44
16 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other*
17 *grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S.
18 517, 533 (1984) (intentional destruction of inmate's property).
19       The availability of an adequate state post-deprivation remedy, e.g., a state tort
20 action, precludes relief because it provides sufficient procedural due process. *See*
21 *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore
22 provide meaningful hearing prior to, deprivation statutory provision for post-deprivation
23 hearing or common law tort remedy for erroneous deprivation satisfies due process); *King*
24 *v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an
25 adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.
26 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, where a prison official acts in a
27 random and unauthorized manner to deny an inmate his property (that is, he fails to act in
28 accord with established prison procedures), the claim must be pursued in state, not

1 federal, court. As Plaintiff here alleges that prison officials failed to provide him with the
2 required process before depriving him of his property, Plaintiff fails to state a due process
3 claim for deprivation of his property. As such, Plaintiff's complaint fails to state a claim
4 under § 1983 against the named Defendants and must be DISMISSED without prejudice
5 to Plaintiff bringing his claims in a proper forum.

## CONCLUSION

7     For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk
8 shall close the file and enter judgment in this case.
9     IT IS SO ORDERED.
10 DATED: April 20, 2007

                                     JEFFREY S. WHITE
                                     United States District Judge